IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 3:20-cr-7-12 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| BRIAN GIDNEY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Brian Gidney, a defendant charged with participation in a 38-defendant methamphetamine ring, filed a motion with the Court asking it to reconsider an order from the Magistrate Judge Keith A. Pesto ordering Gidney detained pending trial. Gidney argues that he has presented sufficient evidence to rebut the presumption of detention contained in 18 U.S.C. Section 3142 for controlled substance crimes and that the Court should order him released pending trial. (ECF No. 328.)

Based on the evidence before the Court, the Court finds that the Government has established, by clear and convincing evidence and that no condition or combination of conditions will reasonably assure the safety of any person or the community. Accordingly, the Court holds that detention is appropriate and **DENIES** Gidney's Motion

### II. Background

Gidney is charged with one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. Section 846. Gidney was charged with alleged participation in a large methamphetamine distribution

ring in several Pennsylvania counties, including Clearfield, Clinton, and Erie. The Government conducted an extensive wiretap investigation over 8 months with a primary target of Alexis Brolin. (ECF No. 371 at 5:3–6.)[1] Gidney allegedly acted as a redistributor for Brolin on at least ten occasions. (*Id.* at 5:7–15.)

Pretrial Services filed a report (the "PTS Report") recommending the Court release Gidney on the following conditions: (1) participation in substance abuse treatment and counseling; (2) no possession of controlled substances, unless prescribed by a physician; (3) no excessive use of alcohol; (4) submit to substance testing; (5) report to pretrial services as directed and notify pretrial services of changes in employment or address; (6) no travel outside the Western District of Pennsylvania; (7) to surrender or not obtain a passport; (8) avoid all contact with any victims or potential witnesses in the case; (9) contact pretrial services following any law enforcement contact; and (10) refrain from possession of firearms or other weapons. (PTS Report at 8.)

On June 19, 2020, Magistrate Judge Pesto held an arraignment and detention hearing for Gidney. (ECF Nos. 269, 270, 271.) Magistrate Judge Pesto found that Gidney had presented sufficient evidence to rebut the presumption of detention for controlled substance crimes with penalties greater than ten years of imprisonment. (ECF No. 271 at 2.) However, Magistrate Judge Pesto also found that the Government had proved, by clear and convincing evidence, that no condition or combination of conditions could reasonably assure the safety of the community. (*Id.*) In so concluding, Magistrate Judge Pesto found that both the weight of the evidence against

---

[1] ECF No. 371 is the transcript of the initial detention hearing conducted in front of Magistrate Judge Keith Pesto on June 19, 2020. ECF No. 455 is the transcript of a hearing the Court conducted on Gidney's detention appeal on July 22, 2020.

Gidney, and his history of violence and use of weapons, favored detention. (*Id.*) Magistrate Judge Pesto concluded that there was no risk of flight, but that the Government's proffer that Gidney was involved in an extensive conspiracy, as well as methamphetamine and firearms found at his residence when arrested, merited detention. (*Id.* at 3.)

Gidney filed a Motion for Reconsideration of Detention on July 6, 2020, asking the Court to reverse Magistrate Judge Pesto's Order of Detention and release him pending trial. (ECF No. 328.) The Court held a hearing on the Motion by videoconference on July 22, 2020.[2] (ECF No. 437.)

### III. Findings of Fact[3]

The Court makes the following findings of fact by clear and convincing evidence:[4]

1. Agent William Isber has been an agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives for approximately five years. (ECF No. 371 at 11:11–17.)

2. On June 9, 2020, Agent Isber assisted in the arrest of Brian Gidney and execution of a search warrant at 192 Old Camp Road in Mineral Springs, Pennsylvania. (*Id.* at 11:18–24.)

---

[2] Gidney's counsel, as well as counsel for the Government and Gidney himself, consented to conducting the hearing via videoconference. (ECF No. 455 at 5:3–12.)

[3] The Government offered a substantial amount of evidence through proffer, but the Court does not rely upon that evidence in ruling on Gidney's Motion. Defense counsel objected to the propriety of the Government proceeding by proffer at the detention hearing before Magistrate Judge Pesto, noting that Section 3142 explicitly grants a defendant the right to proceed by proffer, but does not explicitly grant that right to the government. (ECF No. 371 at 9:20–23.) As the Court holds that there is sufficient evidence presented through testimony to merit Gidney's detention, it does not resolve that objection, and therefore does not consider the Government's proffered evidence, although there is authority to support the Government's assertion that it may proceed by proffer. *See United States v. Rinaldi*, No. 3:18-cr-279, 2020 WL 1984299, at *3 (M.D. Pa. Apr. 27, 2020). However, were the Court to rely upon such evidence, it would further support the Court's conclusion that detention is appropriate.

[4] In making these findings, the Court relies upon the transcripts from the detention hearing before Magistrate Judge Pesto and the Court, Magistrate Judge Pesto's Order of Detention (ECF No. 271), and a Pretrial Services Report ("PTS Report") based on information provided to Pretrial Services by Gidney. The parties requested that these documents be made part of the record. (ECF No. 455 at 5:13–21.)

3. Brian Gidney resides at 192 Old Camp Road; he is the sole resident at that address. (*Id.* at 12:22–13:2.; PTS Report at 1.)

4. Gidney owns the following firearms: (1) one AR-15; (2) one .45 caliber pistol; (3) one .223 caliber pistol; (4) two 30/30 rifles; (5) two 7.62 mm rifles; and (6) one 9 mm pistol. (PTS Report at 2.)

5. Gidney has criminal convictions for the following offenses: (1) disorderly conduct and "harassment, strikes, shoves, kicks, or attempt to do the same" from January 22, 1994; (2) making a false statement from May 12, 1994; (3) possession of drug paraphernalia from August 1, 1996; (4) simple assault from January 24, 1998; (5) operating a motor vehicle under the influence from February 17, 2001; (6) reckless driving, unlawful blood alcohol, and operating a motor vehicle without a license from June 21, 2003; (7) driving without a license, speeding, no proof of insurance, and expired tags from December 22, 2003; (8) driving with a suspended license and without headlights from October 10, 2005; and (9) driving under the influence from August 11, 2016. (PTS Report at 4–7.)

6. All of Gidney's convictions are either summary offenses or misdemeanors; however, courts have issued at least five bench warrants for Gidney's failures to appear for court proceedings. (*Id.*)

7. While executing the search warrant of 192 Old Camp Road, Agent Isber found 698 grams of methamphetamine, some of which was packaged into one-ounce amounts, along with scales and other drug paraphernalia. (ECF No. 371 at 13:3–20; 15:11–24.)

8. Agent Isber seized approximately $3,500 in cash, along with approximately ten firearms, including pistols, a revolver, and rifles. (*Id.* at 13:21–14:13.)

9. One of the firearms seized was a loaded .45 caliber pistol that was directly beneath the box containing the pre-packaged methamphetamine. (*Id.* at 14:1–7.)

10. The firearms seized did not include the .223 caliber pistol and a 7.62 mm rifle that Gidney indicated to Pretrial Services that he owned. (*Id.* 15:1–8; PTS Report at 2.)

11. Prior to his arrest, Gidney used methamphetamine on a daily basis for approximately the last year. (PTS Report at 4.)

**IV. Conclusions of Law**

In cases where the maximum term of imprisonment exceeds ten years and involves a violation of the Controlled Substances Act, there is a rebuttable presumption that the defendant is to be detained pending trial. 18 U.S.C. § 3142(e)(3)(A). To succeed in rebutting this presumption, a defendant must "produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986). In determining whether the defendant has rebutted the presumption of detention, the Court must consider the following factors: (1) the "nature and circumstances of the offense," including crimes involving violence or controlled substances; (2) the weight of the evidence; (3) the defendant's history and characteristics, including ties to the community, substance abuse, physical and mental health, record of appearing at court proceedings, and whether the alleged offense occurred while on probation or parole, among others; and (4) the "nature and seriousness of the danger to any person or the community" posed by release. 18 U.S.C. § 3142(g).

If the defendant rebuts the presumption of detention, the government must then show that there is no condition or combination of conditions that will reasonably assure either the

defendant's appearance or the safety of the community. §§ 3142(e), 3142(f). The government must prove that detention is necessary to ensure public safety by clear and convincing evidence, and risk of flight by a preponderance of the evidence. § 3142(f)(2); *United States v. Himler*, 797 F.2d 156, 161 (3d Cir. 1986). The same factors that guide the Court in determining whether the defendant has rebutted the presumption of detention guide the Court's analysis in determining whether the government has met its own burden. *United States v. Terry*, No. 3:18-cr-24, slip op. at 14 (W.D. Pa. Sept. 30, 2019).

### A. Gidney Has Not Rebutted the Presumption of Detention

The first factor—the nature and circumstances of the offense charged—favors detention. Gidney is charged with conspiracy to distribute and possess with intent to distribute large amounts of methamphetamine, an offense of which Congress recognized the seriousness by creating a rebuttable presumption in favor of detention. 18 U.S.C. § 3142(e)(3)(A). Gidney has produced no credible evidence to contradict the seriousness of the offense, or the risk to the community that the offense poses.

The second factor—the weight of the evidence against Gidney—also favors detention. Agent Isber found a substantial amount of methamphetamine in Gidney's residence when arresting him. (ECF No. 371 at 3–7.) Some of this methamphetamine was packaged for redistribution, and Agent Isber also found scales and other drug paraphernalia in Gidney's residence. (*Id.* at 13:11–20; 15:11–24.) Therefore, the evidence of Gidney's involvement in a conspiracy to distribute methamphetamine is very strong. In addition, although the Court does not rely upon the following evidence, *see supra* note 2, it notes that the Government intercepted

communications between Gidney and Brolin relating to at least ten separate transactions of methamphetamine for redistribution. (*Id.* at 5:7–15.)

The third factor—the nature and characteristics of the defendant—also favors detention. Gidney has an extensive criminal record, portions of which are violent, and Gidney has repeatedly failed to appear for court proceedings the past. (PTS Report at 4–7.) Although Gidney has proffered evidence of good character, he has also demonstrated a substance abuse problem. (*Id.* at 4; ECF No. 371 at 18:16–21.) Much of Gidney's criminal history is from several years ago, but the Court cannot ignore the repeated convictions that occurred when Gidney mixed driving—often either without a license or with a suspended license—with illicit narcotics or alcohol. Gidney has admitted to having a substance abuse problem, and there is potential for further drug-related driving infractions were the Court to release him. (*See* PTS Report at 4–7.)

Finally, the fourth factor—the nature and seriousness of the danger to the community—also favors detention. This factor requires the Court to "assess the totality of the evidence presented." *United States v. Santiago-Pagan*, No. 1:08-cr-424, 2009 WL 1106814, at *7 (M.D. Pa. Apr. 23, 2009). Looking at the totality of the evidence before it, the Court finds that Gidney, based on his possession of a large amount of methamphetamine in close proximity to a loaded pistol, as well as several other firearms, combined with the evidence that Gidney was involved in large-scale drug trafficking, poses a serious threat to the safety of the community if he is released.

Accordingly, the Court holds that Gidney has failed to rebut the presumption of detention and the Court denies Gidney's Motion.

### B. Even if Gidney Has Rebutted the Presumption of Detention, the Government Has Shown by Clear and Convincing Evidence that No Condition or Combination of Conditions Can Reasonably Assure the Safety of the Community

For the reasons detailed above, *see supra* Section IV.A, the Court holds that, even if Gidney successfully rebutted the presumption of detention, the Government has shown by clear and convincing evidence that no condition or combination of conditions can reasonably assure the safety of the public.

As noted, Gidney is charged with a serious offense—conspiracy to distribute and possess with intent to distribute large quantities of methamphetamine, and drug trafficking poses a known danger to the community. The weight of evidence is heavy, favoring detention. Gidney's criminal history and background make harm to the community a serious possibility. Finally, there is a substantial risk to the safety of the public if Gidney is released. When arrested, Gidney had substantial quantities of methamphetamine packaged for redistribution in close proximity to a loaded firearm. (ECF No. 371 at 14:1–7.) Further, Gidney owns at least two firearms, the whereabouts of which are currently unknown. (*Id.* at 15:1–8.)

The Court finds that the suggested conditions of release are inadequate to reasonably assure the safety of the community because Gidney may still possess currently unaccounted for firearms and may return to distribution of narcotics. Accordingly, the Court holds that the Government has presented clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the public were it to release Gidney pending trial.

## V. Conclusion

Accordingly, after carefully considering the circumstances in this Case, the Court finds that the factors set forth in 18 U.S.C. Section 3142(g) weigh in favor of detention. Gidney has not rebutted the presumption of detention, and even if he had, the Government has put forth clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of others were Gidney released pending trial. Accordingly, the Court denies Gidney's Motion.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 3:20-cr-7-12 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| BRIAN GIDNEY, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

NOW, this 28th day of July, 2020, and for the reasons set forth in the accompanying Memorandum Opinion, the Court **HEREBY FINDS** that Gidney has failed to rebut the presumption of detention and even if he has, the Government has established, by clear and convincing evidence, that "no condition or combination of conditions will reasonably assure the safety of any other person and the community" if Defendant Brian Gidney is released pending trial. Defendant Brian Gidney's Motion for Reconsideration of Detention (ECF No. 328) is therefore **DENIED**.

BY THE COURT

_____
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**